# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| WALTER J. WATERS, JR. | CIVIL ACTION NO. 08-0462 |
| VS. | SECTION P |
| UNITED STATES OF AMERICA | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Walter J. Waters, Jr., an inmate in the custody of Louisiana's Department of Public Safety and Corrections,  is currently incarcerated at the Union Parish Detention Center, Farmerville, Louisiana where he is serving concurrent five year sentences imposed following his November 6, 2006, convictions for drug possession in Louisiana's Fourth Judicial District Court, Ouachita Parish.  Petitioner was also convicted of conspiracy to distribute narcotics in this court on May 19, 2006, and on September 20, 2006, he was sentenced to serve 70 months in the custody of the Federal Bureau of Prisons.  He filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on April 1, 2008, claiming that he is entitled to serve his federal and state sentences concurrently.   This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that his petition be **DISMISSED** with prejudice for failing to state a claim for which relief might be granted.

### *Statement of the Case*

On May 19, 2006, petitioner pled guilty to a charge of conspiracy to distribute Schedule II Narcotics (21 U.S.C. §§841 and 846) in this court.  On September 20, 2006, he was sentenced to

serve 70 months in the custody of the United States Bureau of Prisons.  See *United States of America v. Walter J. Waters, Jr.*, No. 3:05-cr-30029 at docs. 40, 41, 50, 52.

On November 6, 2006, petitioner pled guilty to three counts of drug possession in Louisiana's Fourth Judicial District Court, Ouachita Parish.  Concurrent sentences of five years were imposed and these sentences were ordered to be served consecutive to the federal sentence. Petitioner was remanded to the custody of the Louisiana Department of Corrections (LDOC) and he has been in the custody of the LDOC since that date.  See *State of Louisiana v. Walter J. Waters, Jr.,* No. 06-F-001311, Fourth Judicial District Court, Ouachita Parish, Louisiana.

On or about May 21, 2007, petitioner filed a pleading which was styled as a Motion to Vacate pursuant to 28 U.S.C. §2255. See *Waters v. United States of America*, No. 3:07-cv-0861; *United States of America v. Walter J. Waters, Jr*, No. 3:05-cr-30029 at doc. 59.  Upon further review, it was determined that petitioner raised claims cognizable, if at all, in a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241, and the matter was referred to the undersigned for review, report, and recommendation.[1]  On May 24, 2007, the undersigned authored a report recommending dismissal of petitioner's *habeas* petition. *Waters*, 3:05-cr-30029 at doc. 60.[2]

---

[1] Petitioner alleged that the sentence imposed in the federal conviction was an illegal sentence, a claim which would be cognizable in a motion to vacate filed pursuant to §2255, however, upon closer inspection, it was obvious that petitioner was actually attacking the manner in which his sentence was being executed. *Waters*, 3:05-cr-30029 at doc. 60.

[2] Petitioner argued that federal authorities were obliged to take custody of him in order that he might serve his federal sentence first.  In recommending dismissal of the petition, the undersigned noted,  "Here, petitioner attacks the *place* of his incarceration. As such, petitioner lacks standing.  He has no constitutionally protected right to be incarcerated in any particular prison system. *Olim v. Wakinekona*, 461 U.S. 238, 245, 247-48, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Petitioner has been sentenced by two sovereigns – the State of Louisiana and the United States of America. Where he serves his sentences is a matter for those two sovereigns to decide. *Simpson v. Cockrell*, 273 F.3d 1100 (5th Cir. 2001), citing *United States v. McCrary*, 220 F.3d 868, 870-71 (8th Cir. 2000).
Petitioner was committed to the custody of the United States by the United States District Court.  If the United States should thereafter require him to serve his entire federal sentence in the custody of the State of Louisiana, that decision would be within the purview of the two sovereigns. The Federal Bureau of Prisons has clear

Thereafter, on August 24, 2007, United States District Judge Robert G. James adopted the report and ordered petitioner's *habeas* petition dismissed with prejudice. *Waters*, 3:05-cr-30029 at doc. 67.

On February 29, 2008, petitioner filed a *pro se* "Motion to Correct an Illegal Sentence Pursuant to La. C.Cr.P. Articles 881.5 and 882" in the Fourth Judicial District Court.  Therein petitioner complained that the sentencing judge had erroneously ordered that one of his state sentences be served without benefit of parole, probation or suspension of sentence.  He also argued, "... in that defendant was not serving his federal sentence at the time this Honorable Court stipulated that his [state] sentence is to run consecutively with said federal sentence (nor is he presently serving federal sentence), renders this stipulation 'moot' and thereby illegal."  On March 5, 2008, the Fourth Judicial District Court denied his motion noting, among other things, "Federal Sentence issue ... consecutive jail sentence is moot if this defendant is not backing up any federal jail time.  This court is not aware what if any jail sentence Mr. Waters may be backing up..." (Emphasis in original) [See doc. 1-3, pp. 1-6]

Petitioner filed the instant petition on April 1, 2008. Citing 18 U.S.C. §3584 *et seq*., petitioner requests "... that this Honorable Court order that his federal sentence be 'restarted' [and] allow his federal sentence to be served concurrently with his state sentence and to be give

---

statutory authority to make this kind of decision. See 18 U.S.C. § 3621(b), which provides, in pertinent part: "The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise..." (Emphasis supplied.)

Petitioner is eligible for federal habeas corpus relief only on the grounds that his custody is in violation of the Constitution and laws of the United States. [See 28 U.S.C. §§ 2241 and 2254] Petitioner has made no such showing and therefore his petition fails to state a claim for which relief may be granted." *Waters*, 3:05-cr-30029 at doc. 60, p. 3.

credit for all time served while in federal and state custody."  Citing 18 U.S.C. §3621(b) petitioner asks that he be permitted to serve his federal sentence at the Union Parish Detention Center.  He also prays that his federal sentence "resume ... in the custody of Louisiana Department of Corrections to be served concurrently with his state sentence, and be given credit for all time served. [doc. 1]  In his amended petition he argued that his federal sentence was "suspended" without a resumption date and he was delivered into the custody of the Louisiana authorities; he argued that he should not have been delivered into State custody until he completed his federal sentence.  He concluded by requesting that his federal sentence be "restarted" and that he be permitted to serve both federal and state sentences concurrently and that he be given credit against his federal sentence for all time served under the state sentence. [doc. 3]

### *Law and Analysis*

Petitioner is a prisoner in the custody of the State of Louisiana.  To be eligible for *habeas corpus* relief under 28 U.S.C. §2241, he must show that he is in custody in violation of the Constitution or laws of the United. States.[3]  The United States Constitution affords no right to have state and federal sentences run concurrently. See *United States v. Dovalina*, 711 F.2d 737, 739 (5th Cir.1983). Similarly, there is no federal statute that provides a prisoner a right to concurrent sentences; certainly neither of the statutes cited by the petitioner guarantee such a right.  Further, petitioner has no constitutionally protected right to be incarcerated in any particular prison system. *Olim  v. Wakinekona*, 461 U.S. 238, 245, 247-48, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).

---

[3] See 28 U.S.C. §2241(c)(3).

4

By his own admission, petitioner's subsequent State sentence was ordered to be served <u>consecutive</u> to his federal sentence.  Even if the State court had not ordered that the Louisiana sentence be served consecutive to his federal sentence, this Court's silence on the issue would trigger the presumption that the two sentences be served consecutively. See *Free v. Miles*, 333 F.3d 550, 553 (5th Cir.2003) ("Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently.")  Thus, the failure to provide for concurrent sentences for multiple terms of imprisonment imposed at different times necessarily results in the imposition of consecutive sentences. See *United States v.  Hernandez*, 234 F.3d 252, at 256-57 (5th Cir. 2000); *United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir.1991); see also 18 U.S.C. §3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.")

Petitioner has been ordered to serve consecutive sentences by two separate courts on behalf of two sovereigns – the United States and the State of Louisiana.  Those sovereigns are "... perfectly free to make any agreement between themselves concerning which of their sentences will be served first..." *Causey v. Civiletti*, 621 F.2d 691, 694 (5th Cir.1980).  Further, plaintiff is without standing to contest the order that his sentence is served since  "[a]n individual who has violated the laws of two or more sovereigns may not complain of the order in which he is to serve the various sentences." *Jeter v. Keohane*, 739 F.2d 257, 258 (7th Cir.1984), cited in *Cain v. Menifee*,  2008 WL 681679 at *5, n. 8 (5th Cir. 2008).

Petitioner was sentenced to serve a 70 month sentence by this Court; the Louisiana court ordered him to serve an additional sentence of 5 years and specified that the Louisiana sentence

5

be consecutive to the federal sentence. Petitioner has not shown that he has suffered any

prejudice as a result of having to serve the Louisiana sentence first.

Since he has been sentenced by two sovereigns – the State of Louisiana and the United

States of America – where he serves his sentences is a matter for those two sovereigns to decide.

*Simpson v. Cockrell*, 273 F.3d 1100 (5th Cir. 2001), citing *United States v. McCrary*, 220 F.3d

868, 870-71 (8th Cir. 2000).

As noted, petitioner is eligible for federal *habeas corpus* relief only if he establishes that

his custody is in violation of the Constitution and laws of the United States;  his failure to do so

makes the instant petition subject to dismissal for failing to state a claim for which relief may be

granted.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH**

**PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court.  A party may

respond to another party's objections within ten (10) days after being served with a copy of any

objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

**days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

**6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

conclusions accepted by the District Court, except upon grounds of plain error.  *See,*

*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

     In Chambers,  Monroe, Louisiana, May 20, 2008.

 

KAREN L. HAYES
U. S. MAGISTRATE JUDGE